IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

KELLY PIERCE, an individual, )
)
Plaintiff, )
)
vs. ) Case No. 08-CV-014-JHP
)
)
STATE OF OKLAHOMA, ex rel., )
DEPARTMENT OF HUMAN )
SERVICES, a state agency, et al., )
)
Defendants. )

**ORDER AND OPINION**

Before the Court is Defendant Department of Human Services' Motion to Dismiss (Docket No. 67). For the reasons set forth below, the motion is GRANTED.

**BACKGROUND**

**A.  Factual Background**

Plaintiff Kelly Pierce, a former Ft. Gibson, Oklahoma police officer, claims Defendants were both negligent and violated his constitutional rights when they pursued an allegation that Pierce had sexually abused a young girl at a day care owned and operated by Pierce and his wife. Criminal charges were brought against Pierce in state court, but those charges were quickly dismissed for lack of evidence. Pierce claims the investigation was nothing more than a "witch hunt" that ultimately destroyed his business, his reputation, and forced him to move away from Ft. Gibson, Oklahoma.

**B.  Procedural Background**

1

Pierce filed suit January 15, 2008. Pierce's Second Amended Complaint[1] ("the Complaint") names as defendants the Oklahoma Department of Human Services ("DHS"), Howard Hendrick (DHS's Director), and Gerald Beachem (who is employed by DHS as a child welfare supervisor in DHS's Muskogee office), along with several "John and Jane Does" whom the Plaintiff alleges "are employees of DHS and are being sued in their individual and official capacity." Also named as defendants are the Board of County Commissioners of Muskogee County (on behalf of the Muskogee County Sheriff's Department), and three officials of the Muskogee County Sheriff's Department: Sheriff Charles Pearson, Chief Criminal Investigator Tim Brown, and Deputy Sheriff Jan Ray.

The Complaint sets out a total of four causes of action against Defendants. Pierce's first cause of action seeks damages against Defendants Pearson, Brown, and Ray under 42 U.S.C. §1983 for alleged violations of Pierce's constitutional rights that occurred when Pearson, Brown, and Ray "arrested and caused criminal charges to be brought against Plaintiff without probable cause or other legal justification." (Docket No. 62, ¶ 26 at 6).

Pierce's second cause of action seeks damages against Defendants Hendrick, Beachem, and John and Jane Does under 42 U.S.C. §1983 for alleged violations of the Plaintiff's constitutional rights that occurred when Beachem "under the direction and with the approval of Defendant Hendrick, deprived Plaintiff, without cause or legal justification, of his constitutionally and federally protected right to life, liberty and the pursuit of happiness" as well as his "right to due process of the laws under the Fourteenth Amendment of the United States Constitution." (Docket

---

[1]Pierce has amended his complaint twice, first on March 30, 2008, adding "Howard Hendricks," "Gerald Beacham," and various John and Jane Does as Defendants. Pierce amended his complaint a second time on May 14, 2008, in order to correct the spelling of "Howard Hendricks" to "Howard Hendrick," and "Gerald Beacham" to "Gerald Beachem."

2

No. 62, ¶¶34-35 at 7).

Pierce's third cause of action seeks damages against the County and DHS under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. The specific allegations against the County and DHS read as follows:

> 40. The County and DHS had policies in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of Plaintiff.
>
> 41. The County and DHS improperly trained its agents and employees in procedures, which were likely or certain to result in the deprivation of Plaintiff's constitutionally and federally protected rights.
>
> 42. The County and DHS acquiesced and ratified the type of conduct complained of herein.
>
> 43. The type of.conduct complained of herein was notoriously known to the management level of the County and DHS to regularly occur, yet such management personnel failed to take corrective action to prevent such continuing conduct.

(Docket No. 62, ¶¶40-43 at 8).

Finally, Pierce's fourth cause of action seeks damages against the County and DHS for their respective negligence "in the hiring, supervision and training of its agents and employees regarding the constitutionally and federally protected rights of its citizens." (Docket No. 62, ¶47 at 8).

DHS seeks dismissal of Pierce's claims against it, arguing that Pierce has failed to state a claim upon which relief can be granted against DHS because: (1) DHS is not a "person" subject to suit under 42 U.S.C. §1983; (2) DHS is exempt from tort liability under the applicable provisions of the Oklahoma Governmental Tort Claims Act; and (3) Pierce's claims against DHS are barred in their entirety by the Eleventh Amendment.

## **DISCUSSION**

3

A.     **Motion to Dismiss Standards**

Pursuant to Rule 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. A motion to dismiss may be granted if, "viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007)). As the Tenth Circuit has explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.2007).

B.     **The 42 U.S.C. § 1983 Claims**

As part of his § 1983 claim against DHS, Pierce seeks "all monetary, retrospective, prospective, and equitable damages allowed by law." (Docket No. 62, ¶¶44 at 8). DHS argues that these claims are barred in their entirety by the Eleventh Amendment. Pierce argues that his complaint includes a request for "prospective injunctive relief" that should go forward under the *Ex Parte Young* doctrine.[2]

The Court agrees with DHS that Pierce's claims must be dismissed. DHS is plainly an arm of the state of Oklahoma entitled to immunity from suits for monetary and equitable damages brought pursuant to § 1983. *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir. 1991); *Johns v.*

---

[2]In his response, Pierce does not contest DHS's assertions that Eleventh Amendment sovereign immunity bars his claims for monetary relief.

*Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Although Pierce argues that his complaint contains a request for prospective injunctive relief [3] which should be allowed under the *Ex Parte Young* doctrine, that doctrine only applies to suits against state officials acting in their official capacity, and not to suits against the state itself. *Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007). Therefore, any claim that Pierce may have against DHS for prospective injunctive relief would be barred by the Eleventh Amendment.

Pierce's § 1983 claims against DHS are therefore dismissed in their entirety.

**C.     The State Law Tort Claims**

DHS claims that Pierce's state law tort claims are barred by the Oklahoma Governmental Tort Claims Act ("GTCA"), which governs all tort actions against the state of Oklahoma and its agencies. *See* Okla. Stat. tit. 51, §§ 151-172. The liability of state agencies under the GTCA is "subject to the limitations and exceptions specified in this act" and is "exclusive and in place of all other liability of the state. . . ." Okla. Stat. tit. 51, § 153(A) and (B).

DHS claims that the exception found at Okla. Stat. tit. 51, § 155(4) specifically precludes its liability in this case:

> [State agencies are not liable for losses or claims resulting from] adoption or enforcement of or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy.

DHS points to the Oklahoma Children's Code and the Oklahoma Child Abuse Reporting and Prevention Act, which imposes upon DHS the statutory obligation to investigate and respond to reports of child abuse. *See* Okla. Stat. tit. 10, §§ 7003-1.1(A)(1) and 7106(A)(1). DHS therefore argues that its actions in investigating Pierce fall squarely within the exception found at Okla. Stat.

---

[3]Plainly read, his complaint seeks only various types of "damages."

5

tit. 51, § 155(4), thus precluding liability under the GTCA.

The Court agrees. The intent and purpose of section 155(4) was to preserve the state of Oklahoma's sovereign immunity against claims for losses resulting from a state agency's enforcement of a law. *Briggs v. Oklahoma ex rel. Oklahoma Dept. of Human Services*, 472 F.Supp.2d 1304, 1310 (W.D. Okla. 2007). Although Pierce couches his claim as one for negligent hiring, training, and supervision, this is nothing more than an attempt by Pierce to do indirectly what he cannot do directly—sue DHS for the manner in which it investigated the allegation of sexual abuse that was made against him. *See Turner v. City of Oklahoma City, et. al.*, No. CIV-07-268-R (W.D. Okla. April 24, 2007)(holding that claim for "failure to train, negligent supervision, and negligent retention" of DHS employee was barred by section 155(4)); *see also Hull v. Wellston Indep. Sch. Dist.,* 46 P.3d 180, 183 (Okla. Civ. App. 2001).

Because Pierce's state law tort claims against DHS are barred by Oklahoma's GTCA, those claims are dismissed.

## CONCLUSION

For the reasons set forth above, Defendant Department of Human Services' Motion to Dismiss (Docket No. 67) is GRANTED.

IT IS SO ORDERED this 1st day of August, 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma