IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KELLY PIERCE, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08-CV-014-JHP |
| | ) | |
| | ) | |
| STATE OF OKLAHOMA, ex rel., | ) | |
| DEPARTMENT OF HUMAN | ) | |
| SERVICES, a state agency, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

Before the Court is Defendant Howard Hendrick and Defendant Gerald Beachem's Motion to Dismiss (Docket No. 68). For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

**A.  Factual Background**

Plaintiff Kelly Pierce, a former Ft. Gibson, Oklahoma police officer, claims Defendants were both negligent and violated his constitutional rights when they pursued an allegation that Pierce had sexually abused a young girl at a day care owned and operated by Pierce and his wife. Criminal charges were brought against Pierce in state court, but those charges were quickly dismissed for lack of evidence. Pierce claims he was the victim of a "witch hunt" that ultimately destroyed his business, his reputation, and forced him to move away from Ft. Gibson, Oklahoma.

**B.  Procedural Background**

1

Pierce filed suit January 15, 2008. Pierce's Second Amended Complaint[1] ("the Complaint") names as defendants the Oklahoma Department of Human Services ("DHS"), Howard Hendrick (DHS's Director), and Gerald Beachem (who is employed by DHS as a child welfare supervisor in DHS's Muskogee office), along with several "John and Jane Does" whom the Plaintiff alleges "are employees of DHS and are being sued in their individual and official capacity."[2] Also named as defendants are the Board of County Commissioners of Muskogee County (on behalf of the Muskogee County Sheriff's Department), and three officials of the Muskogee County Sheriff's Department: Sheriff Charles Pearson, Chief Criminal Investigator Tim Brown, and Deputy Sheriff Jan Ray.

Pierce's complaint sets out a single cause of action against Hendrick and Beachem. Pierce seeks damages against Hendrick and Beachem—in both their individual and official capacities—under 42 U.S.C. §1983 for alleged violations of the Plaintiff's constitutional rights that occurred when Beachem "under the direction and with the approval of Defendant Hendrick, deprived Plaintiff, without cause or legal justification, of his constitutionally and federally protected right to life, liberty and the pursuit of happiness" as well as his "right to due process of the laws under the Fourteenth Amendment of the United States Constitution." (Docket No. 62, ¶¶34-35 at 7).

Hendrick and Beachem argue that: (1) Pierce's § 1983 claim against them in their official capacities must be dismissed because it is barred by the Eleventh Amendment, and (2) Pierce's §

---

[1] Pierce has amended his complaint twice, first on March 30, 2008, adding "Howard Hendricks," "Gerald Beacham," and various John and Jane Does as Defendants. Pierce amended his complaint a second time on May 14, 2008, in order to correct the spelling of "Howard Hendricks" to "Howard Hendrick," and "Gerald Beacham" to "Gerald Beachem."

[2] These John and Jane Doe defendants have since been dismissed from the lawsuit.

2

1983 claim against them in their individual capacities must be dismissed for failure to state a claim upon which relief may be granted and because they are entitled to qualified immunity.

Pierce argues that: (1) his § 1983 claim against Hendrick and Beachem in their official capacities is not barred by the Eleventh Amendment because he only seeks "prospective injunctive relief", (2) his § 1983 claim against Hendrick and Beachem in their individual capacities properly states a claim, and (3) Hendrick and Beachem are not entitled to qualified immunity because they "knowingly and deliberately violated [his] constitutional rights."

## DISCUSSION

### A. Motion to Dismiss Standards

Pursuant to Rule 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. A motion to dismiss may be granted if, "viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007)). As the Tenth Circuit has explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.2007).

### B. The 42 U.S.C. § 1983 "Official Capacity" Claims

Although Pierce claims his complaint seeks prospective injunctive relief against Hendrick

3

and Beachem as part of his § 1983 claims against them in their official capacities, the complaint simply contains no such request:

> 38. The actions of Defendants have caused injury to Plaintiff in an amount to be determined by the jury.
>
> ...
>
> 49. As a result of the actions of the Defendants as set forth hereinabove, Plaintiff has been damaged in an amount in excess of Seventy-Five ($75,000.00).
>
> 50. To the extent the actions of any individual other than the County or DHS are willful or deliberately indifferent, then punitive damages are available, and should be assessed against each such person.
>
>     Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendants and assess damages, together with pre- and post-judgment interest, costs, attorney's fees, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

(Docket No. 62, ¶¶ 38, 49-50 at 7,9).[3]

Because Pierce's § 1983 claim against Hendrick and Beachem in their official capacity seeks monetary damages, that claim is barred by the Eleventh Amendment. *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007). Therefore, that claim must be dismissed.

**C.     The 42 U.S.C. § 1983 "Individual Capacity" Claims**

Pierce's § 1983 claims against Hendrick and Beachem in their individual capacities present a closer question, the answer to which first requires an examination and application of the *Twombly* motion to dismiss standard. Because these are § 1983 claims brought against government actors in their individual capacities, the Court looks to see whether "the complaint make[s] clear exactly *who* is alleged to have done *what* to *whom*" and if so, whether the scope of those claims are specific

---

[3] Were it to contain a request for prospective injunctive relief, Pierce's complaint would raise serious concerns over whether Pierce has standing to seek such relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983) (holding that a plaintiff lacks standing to seek prospective injunctive relief if he or she cannot show a real or immediate threat of *future* harm.)

enough to make them "plausible." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247, 49-50 (10th Cir. 2008).

### 1. The Sufficiency of the Allegations Contained in the Complaint

Hendrick and Beachem argue that this case is akin to *Robbins v. Oklahoma,* 519 F.3d 1242 (10th Cir. 2008). In *Robbins,* the parents of an eight month old infant that died while in the care of a state subsidized daycare center sued various DHS employees (among others), including one of the defendants in this case, Hendrick. The claims against the DHS employees were based upon supervisory liability as well as a "danger creation" theory; that is, the parents alleged that DHS acted in way that created a danger from private violence to the child. The district court denied a motion to dismiss, but the Tenth Circuit reversed, and dismissed the claims against the DHS employees. The Tenth Circuit, applying the *Twombly* standard, reasoned that the supervisory liability claim contained allegations that were wholly "conclusory" and "vacuous," which left the DHS defendants "without notice as to what particular actions are alleged as grounds for their liability as supervisors who approved, authorized, or ratified unconstitutional action by their inferiors." *Id.* at 1252-53.

Here, the Court agrees with Hendrick that the claims against him do not reach the level of "plausibility" now required to survive a Rule 12(b)(6) motion. Indeed, Pierce's complaint contains no reference to Hendrick in its "Facts Common to All Counts" section, instead only mentioning Hendrick in passing in the paragraphs describing "Cause of Action II: Violation of 42 U.S.C. § 1983 Against Hendrick, Beachem, and Doe":

> 34. Defendant Beachem, under the direction and with the approval of Defendant Hendrick, deprived Plaintiff, without cause or legal justification, of his constitutionally and federally protected right to life, liberty and the pursuit of happiness.
>
> 35. Defendant Beachem, under the direction and with the approval of Defendant

> Hendrick, deprived Plaintiff, without cause or legal justification, of his constitutionally and federally protected right to due process of the laws under the Fourteenth Amendment of the United States Constitution.
>
> 36. At the time Defendant Beachem, under the direction and with the approval of Defendant Hendrick, deprived Plaintiff of his constitutionally and federally protected rights, Defendants Hendrick and Beachem were acting under the color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Oklahoma, pursuant to their authority as officers of DHS.
>
> 37. Defendants Hendrick and Beachem acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's constitutional rights.
>
> 38. The actions of Defendants have caused injury to Plaintiff in an amount to be determined by the jury.

(Docket No. 62, ¶¶ 34-38, at 7). These factual allegations against Hendrick are so conclusory and broad, encompassing "a wide swath of conduct", that Hendrick cannot be said to be on notice of the particular actions he is alleged to have taken approving, authorizing, or ratifying unconstitutional actions by his inferiors. Pierce's claim against Hendrick is therefore dismissed for failure to state a claim upon which relief may be granted.

Pierce's allegations against Beachem are more particularized:

> 24. DHS, working in conjunction with the Muskogee County Sheriff's Department, also participated in the unwarranted prosecution of Plaintiff. Particularly, despite the fact that DHS Social Worker Melissa Hayward ("Hayward"), assigned to investigate the sexual abuse allegations, found and filed a report finding the "allegations of sexual abuse … inconclusive," Hayward's then supervisor, Gerald Beachem ("Beachem"), who conducted no independent investigation of his own, changed Hayward's report to reflect that the "allegations pertaining to sexual abuse … by Kelly Pierce, child care provider, [were] confirmed" and requesting court intervention. Therefore, DHS failed to provide adequate safeguards against this type of baseless and unsubstantiated allegations.

(Docket No. 62, ¶ 24 at 5). Because Pierce's complaint properly puts Beachem on notice as to the particular action he took that is alleged to have deprived Pierce of a constitutional right, Pierce's §

1983 claim against Beachem in his individual capacity cannot be dismissed as facially deficient under the *Twombly* standard.

The Court next turns to Beachem's assertion that he is entitled to qualified immunity.

### 2. Qualified Immunity

"The doctrine of qualified immunity shields government officials performing discretionary functions from liability for damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007) (quotation omitted). When a qualified immunity challenge is made at the motion to dismiss stage, the Court must determine: (1) whether the facts, taken in a light most favorable to the plaintiff, set forth a constitutional violation; and (2) whether the constitutional right violated was clearly established at the time the conduct took place. *VanZandt v. Oklahoma Dept. Human Services,* 2008 WL 1945344, 4 (10th Cir. 2008). The Court therefore first determines whether Pierce's complaint sets forth a constitutional violation.

Here, Pierce's complaint alleges deprivation of his "constitutionally and federally protected right to life, liberty and the pursuit of happiness" and his "constitutionally and federally protected right to due process of the laws under the Fourteenth Amendment of the United States Constitution." The Fourteenth Amendment, of course, provides both procedural and substantive due process protections. *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). The Amendment's procedural prong requires "the state to provide individuals with some type of process before depriving them of their life, liberty, or property." *Miller v. Campbell County*, 945 F.2d 348, 352 (10th Cir.1991). The Amendment's substantive prong prohibits arbitrary state action that deprives an individual of their life, liberty, or property. *Id.* Pierce's complaint alleges the deprivation of a

7

property interest, but it is unclear whether Pierce's claims are based on the Fourteenth Amendment's procedural or substantive protections.[4] The Court therefore addresses each type of claim in turn.

Procedural due process requires a two-step analysis. "First, the court must determine if the plaintiff has been deprived of an interest in life, liberty, or property. Second, the court must determine how much process is due in light of that deprivation." *James v. Grand Lake Mental Health Center Inc.*, 1998 WL 664315, 6 (10th Cir. 1998). To establish a deprivation of a life, liberty, or property interest, a claimant must establish reckless or deliberate intent, a higher standard than mere negligence. *Id.* The requisite intent is established if the state actor acted deliberately or "was aware of a known or obvious risk that was so great that it was highly probable that serious harm would follow and he or she proceeded in conscious and unreasonable disregard of the consequences." *Medina v. City & County of Denver*, 960 F.2d 1493, 1496 (10th Cir.1992). Here, Pierce's complaint alleges that Beachem acted "willfully, deliberately, maliciously, [and] with reckless disregard", but does not allege any facts which would support this wholly conclusory allegation. Thus, the Court has no "reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *See Schneider*, 493 F.3d at 1177. Therefore, Pierce's procedural due process claim fails this initial inquiry. Pierce has failed to allege any facts that might rise to more than negligence and plausibly establish a reckless or deliberate deprivation of a protected interest.

Even were the Court to conclude that Pierce had been deprived of a protected interest, Pierce's procedural due process claim would fail at the second step of the analysis. Pierce's

---

[4]Pierce's claim appears to be a substantive due process claim. However, because of the lack of clarity in his complaint — which intermingles language associated with procedural claims with language associated with substantive claims — the Court addresses both substantive and procedural issues.

complaint makes no allegation of any failure on Beachem's part to provide him with process, nor does he claim that he was entitled to any sort of process prior to Beachem's confirmation of the report of abuse and subsequent forwarding of the report to the state prosecutor. Instead, the complaint alleges only that "DHS failed to provide adequate safeguards." (Docket No. 62, ¶ 24 at 5).Therefore, because Pierce's complaint is devoid of any allegation of a failure on Beachem's part to provide him with process to which he was due, Pierce's complaint does not allege a procedural due process violation on the part of Beachem.

The Court next turns to a Pierce's substantive process claim, which requires an examination into whether the complained of state action "shocks the conscience." *Uhlrig v. Harder,* 64 F.3d 567, 573 (10th Cir. 1995). To reach this high standard, "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." *Tonkovich v. Kansas Bd. Of Regents,* 159 F.3d 504, 528 (10th Cir. 1998)(quoting *Uhlrig,* 64 F.3d at 574). Instead, a plaintiff "must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Id.*

Here, Pierce's complaint contains nothing more than an allegation that Beachem exercised poor judgment when he reached a different conclusion than his subordinate as to the investigation the subordinate had conducted. Such an allegation does not amount to an allegation of a constitutional violation. Indeed, qualified immunity "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)*(*quoting *Malley v. Briggs*, 475 U.S. 335, 343, 341 (1986)). "This accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued." *Id.* (quoting *Davis v. Scherer*, 468 U.S. 183, 196 (1984)).

9

The Court concludes, therefore, that there is not a reasonable likelihood that Pierce will be able to muster factual support for a substantive due process claim that "shocks the conscience."

Therefore, Beachem is entitled to qualified immunity, and Pierce's § 1983 claim against Beachem in his individual capacity must be dismissed.

## **CONCLUSION**

For the reasons set forth above, Defendant Howard Hendrick and Defendant Gerald Beachem's Motion to Dismiss (Docket No. 68) is GRANTED.

IT IS SO ORDERED this 1st day of August, 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma